**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINCEY EDWARDS, | Civil Action No. 15-3770 (PGS) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| WARDEN CHARLES ELLIS, et al., | |
| Respondents. | |

It appearing that:

1. On or about June 5, 2015, Petitioner Mincey Edwards ("Petitioner") submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. (ECF No. 1.)

2. In his Petition, Petitioner alleges that on March 28, 2014, he was arrested by the Trenton Police Department for a charge that he does not identify. (Pet'r's Br. 2.) He was confined in Mercer County Jail for that new charge and on April 24, 2014, Petitioner was also charged with a parole violation. (Id.) Petitioner received bail for the new charge and was given "a sticker" for the parole violation. (Id.) As of the date he filed his Petition, Petitioner had not yet received a hearing for the parole violation. (Id.)

3. Petitioner raises the following grounds for relief in his Petition:

> Ground One: Confined in violation of [his] due process and equal protection rights because for 13 months [he has] not gotten notice nor had a probable cause hearing for violations of parole/probation.
>
> Ground Two: The State of New Jersey has violated [his] rights when it failed to conduct a trial within 180 days. On 3.28.14 [he] was charged with new criminal charges and never waived any of [his]

rights.

Ground Three: [Petitioner] was appointed ineffective assistance of counsel in Mr. Garzio who has failed to do anything for [Petitioner].

(Pet. ¶ 12.)

4. It appears that Petitioner is raising two separate sets of claims: (1) those claims related to the Parole Board's failure to provide him with a timely revocation hearing (Ground One); and (2) those claims related to the New Jersey state court's failure to timely prosecute Petitioner's new, unidentified criminal charges (Grounds Two and Three).

5. With regard to his claims about his parole violation, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective...." 28 U.S.C. § 2254(b)(1). A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. *See Castille v. Peoples*, 489 U.S. 346, 350 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

6. The petitioner generally bears the burden to prove all facts establishing exhaustion. *See*

*Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993). Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." *Toulson*, 987 F.2d at 987.

7. In this case, Petitioner specifically states that he did not attempt to exhaust any of his claims with regard to his parole revocation. (Pet. ¶¶ 8, 11(d).) State law provides administrative and judicial review processes applicable to Petitioner's claims. New Jersey law provides an absolute right to appeal any action or decision of a State administrative agency to the Superior Court, Appellate Division, both under the State Constitution, N.J. Const. Art. VI, Sec. 5, para. 4; *Trantino v. New Jersey State Parole Bd.*, 764 A.2d 940, 976 (N.J. 2001) *modified on other grounds*, 772 A.2d 926 (N.J. 2001), and under the New Jersey Court Rules, Pressler, Current New Jersey Court Rules, Rule 2:2-3(a)(2) (2001). This exclusive procedure encompasses appeals from "inaction as well as action of a State administrative agency." *Trantino v. New Jersey State Parole Bd.*, 687 A.2d 274, 287 (N.J. Super. Ct. App. Div. 1997) *aff'd and modified*, 711 A.2d 260 (1998); *Johnson v. New Jersey State Parole Bd.*, 330 A.2d 616, 618 (N.J. Super. Ct. App. Div. 1974); *see also Petrucelli v. Dep't of Civil Serv.*, 101 A.2d 363, 364 (N.J. Super. Ct. App. Div. 1953) ("The import of the rule embraces official administrative conduct of a negative character as well, such as, for example, the refusal to consider a meritorious petition, or to conduct a hearing, or to render any decision in a controversial cause appropriately before the [agency].").

8. Here, Petitioner has failed to pursue any remedies available to him under New Jersey law. As the state court has specifically held, the right to appeal to the Appellate Division applies to any action or <u>inaction</u> by a state agency. *See Trantino*, 687 A.2d at 287 (emphasis added). Therefore, Petitioner has the right to appeal the Parole Board's inaction to the Appellate Division,

which he failed to do. Accordingly, the Petition must be dismissed without prejudice for failure to exhaust state court remedies.

9. With regard to Petitioner's challenges to the state's failure to bring him to trial on the new charge within 180 days and the ineffectiveness of his appointed counsel, those claims should be raised in a § 2241. *See Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (a district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pre-trial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Mokone v. Fenton*, 710 F.2d 998, 999 (3d Cir. 1983); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975).

10. Even if Petitioner had raised those claims in a § 2241, the Court would not grant relief. Petitioner asks this Court to grant pre-trial habeas relief based on grounds related to his state pre-trial criminal proceedings thus far. Specifically, he is arguing that his counsel is ineffective and the state has violated his speedy trial rights by failing to bring him to trial within 180 days. The problem with those claims is that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (quoting *Ex parte Royall*, 117 U.S. 241, 253, 6 S.Ct. 734, 29 L.Ed. 868 (1886)). As the Supreme Court explained over 100 years ago,

> We are of the opinion that while the . . . court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced

4

> in state courts exercising authority within the territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

*Ex parte Royall*, 117 U.S. at 251.

11. Upon careful review, this Court finds that the Petition does not present any extraordinary or exceptional circumstances and is an attempt "to litigate constitutional defenses prematurely in federal court." *Id.* at 445. The proper procedure for Petitioner is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Moore*, 515 F.2d at 449.

12. Therefore, even if he had brought these claims in a proper § 2241, Petitioner would not be entitled to a pretrial Writ of Habeas Corpus. *See Duran v. Thomas*, 393 F.App'x 3 (3d Cir. 2010) (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, and that state court had imposed excessive bail).

13. This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

14. An appropriate order follows.

Dated:   10/14/15

*[signature]*
Peter G. Sheridan, U.S.D.J.