**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINCEY EDWARDS, | Civil Action No. 15-3770 (PGS) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| WARDEN CHARLES ELLIS, et al., | |
| Respondents. | |

It appearing that:

1. On or about June 5, 2015, Petitioner Mincey Edwards ("Petitioner") submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. (ECF No. 1.)

2. In his Petition, Petitioner alleged that on March 28, 2014, he was arrested by the Trenton Police Department for a charge that he did not identify. (Pet'r's Br. 2, ECF No. 1.) He was confined in Mercer County Jail for that new charge and on April 24, 2014, Petitioner was also charged with a parole violation. (Id.) Petitioner received bail for the new charge and was given "a sticker" for the parole violation. (Id.) As of the date he filed his Petition, Petitioner had not yet received a hearing for the parole violation. (Id.)

3. Petitioner raised the following grounds for relief in his Petition:

> Ground One: Confined in violation of [his] due process and equal protection rights because for 13 months [he has] not gotten notice nor had a probable cause hearing for violations of parole/probation.
>
> Ground Two: The State of New Jersey has violated [his] rights when it failed to conduct a trial within 180 days. On 3.28.14 [he] was charged with new criminal charges and never waived any of [his]

rights.

Ground Three: [Petitioner] was appointed ineffective assistance of counsel in Mr. Garzio who has failed to do anything for [Petitioner].

(Pet. ¶ 12.)

4. In an October 14, 2015 Opinion and Order, the Court dismissed the Petition and informed Petitioner that he must first exhaust his claims in state court. (ECF Nos. 3-4.) To the extent he was trying to "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court," see *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)), the Court found that there were no "special circumstances" present in this case which would warrant intervention by the Court. (*Id.*)

5. Thereafter, Petition filed a "Motion for the Writ of Habeas Corpus to be Granted and to Immediately Lift the Violation of Probation Detainer" (ECF No. 5) and a "Motion to Stay Pending Exhaustion of State Court Remedies" (ECF No. 6).

6. To ensure it had all the necessary information, on February 22, 2016, the Court ordered Respondent to file an answer and allowed Petitioner to submit a reply. (ECF No. 7.)

7. In its March 2016 Answer, Respondent argued that Petitioner's pre-trial claims are unexhausted and there are no extraordinary circumstances present to warrant action by the Court. Respondent further argues that Petitioner's claim of ineffective assistance of counsel is not yet ripe. (ECF No. 8.) In his Reply, Petitioner re-asserts the same arguments as those raised in his initial Petition. (ECF No. 15.)

8. Having reviewed the Answer and Reply, the Court will again dismiss the Petition without prejudice. A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3)

2

to entertain a pre-trial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973); *Mokone v. Fenton*, 710 F.2d 998, 999 (3d Cir. 1983); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975). To the extent Petitioner is still a pre-trial detainee,[1] this Court has jurisdiction over the Petition under 28 U.S.C. § 2241 and construes the Petition as such.[2]

While this Court has jurisdiction under 28 U.S.C. § 2241 to entertain this pre-trial habeas corpus Petition, it is clear that such relief should not be granted. Petitioner asks the Court to grant pre-trial habeas relief based on grounds related to his state pre-trial criminal proceedings thus far. The problem with the Petition is that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)). As the Supreme Court explained over 100 years ago,

> We are of the opinion that while the . . . court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government,

---

[1] In a subsequent change-of-address notification, Petitioner indicates that he might have since been tried and convicted in state court. (ECF No. 16.)

[2] Even if the Court were to construe the instant Petition as one pursuant to 28 U.S.C. § 2254, it would still be dismissed because the claims are all unexhausted.

> between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

*Ex parte Royall*, 117 U.S. at 251.

The proper procedure for Petitioner is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Moore*, 515 F.2d at 449. Upon careful review, this Court finds that the petition does not present any extraordinary or exceptional circumstances and is an attempt "to litigate constitutional defenses prematurely in federal court." *Id.* at 445. Petitioner is not entitled to a pretrial Writ of Habeas Corpus, and this Court will dismiss the Petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after he exhausts remedies available in the courts of the State of New Jersey. *See Duran v. Thomas*, 393 F.App'x 3 (3d Cir. 2010) (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, and that state court had imposed excessive bail).

9. The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

10. An appropriate order follows.

Dated: 8/31/16

_____
Peter G. Sheridan, U.S.D.J.